UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDY LABRADA-ARGIBAY,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-2015

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15.) In an Order entered on July 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the December

8, 2025, bond hearing on July 16, 2026, (Resp., ECF No. 4; Recording of Dec. 8, 2025, Bond Hearing, filed on Jul. 17, 2026) and Petitioner filed his reply on July 20, 2026, (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States in 2022. (Pet., ECF No. 1, PageID.1); Op., *Andy Labrada-Argibay v. Robert Lynch* (*Labrada-Argibay I*), No. 1:25-cv-1448 (W.D. Mich. Dec. 2, 2025) (ECF No. 6). On September 24, 2025, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.1); Op., *Labrada-Argibay I* (W.D. Mich. Dec. 2, 2025) (ECF No. 6).

On November 13, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Labrada-Argibay I*. In *Labrada-Argibay I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Labrada-Argibay I* (W.D. Mich. Dec. 2, 2025) (ECF Nos. 6, 7).

On December 8, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order, ECF No. 1-2.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond in a written order, concluding: "[Petitioner] is a flight risk as he has an Order of Removal from the United States with any appeal due by December 31, 2025." (*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on December 8, 2025. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v.*

2

*Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      July 23, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge

3